R. H. MILES v. STATE.

No. A-1401.   Opinion Filed May 8, 1912.

Appeal from Tulsa County Court;

N. J. Gubser, Judge.

R. H. Miles was convicted of a violation of the prohibition law, and appeals. Reversed.

Davidson & Williams, for plaintiff in error.

Chas. West, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiff in error, R. H. Miles, was convicted on an information which charged the unlawful possession of intoxicating liquors with the intent of violating provisions of the prohibition law. June 30, 1911, he was sentenced to serve a term of ninety days in the county jail and to pay a fine of two hundred dollars. To reverse this judgment an appeal was taken by filing in this court, September 25, 1911, petition in error with case-made. It is contended that the court erred in refusing to give peremptory instructions to acquit the defendant, and that the verdict and judgment are contrary to the evidence and the law. The proof on the part of the prosecution consisted of the testimony of two deputy sheriffs of Tulsa county, in substance as follows: That on or about the 11th day of April they went to Sperry, Tulsa county, to serve a search warrant, calling for a search of the defendant's premises for the purpose of ascertaining whether or not there was intoxicating liquors in the defendant's possession; that they found in a room of the house occupied by the defendant about a barrel of beer and four or five gallons of whisky. The defendant demurred to the evidence and moved the court to direct a verdict of acquittal, which was overruled and exception allowed. The defendant took the stand on his own behalf and testified in substance that the intoxicating liquors found by the deputy sheriff belonged to him and consisted of three or four gallons of whisky and a part of a barrel of beer; that the place was his home where he lived with his family and he had the whiskey for his own use; that the beer was for his daughter-in-law who was there sick with consumption, and had been prescribed for her by her physician. He further testified that he did not have the whisky there for any purpose other than for his own use, and that he did not have the beer there for any purpose other than the use of his sick daughter-in-law. This was all the evidence in the case. The mere naked presumption, founded on the fact of possession, standing alone, is insufficient to support a conviction on a charge of this kind. It is said by this court in numerous cases that the rule declared by justice and reason requires that the fact of criminal intent be proved and not presumed. Another rule which is approved by all thinking and just men requires

that guilt should flow naturally and easily from the facts proved, and be consistent with all the facts. There was no proof of the payment of the special tax required of liquor dealers by the United States, the payment of which, under the provisions of the prohibition law (section 4181, Comp. Laws 1909), shall constitute prima facie evidence of the intention to violate the provisions of the act. The criminal intent involved in the commission of the offense charged is the intent to sell, barter, or furnish contrary to law, and in order to convict, where there is no proof of payment by the defendant of the special tax required of liquor dealers of the United States, there must be evidence, either positive or presumptive, amounting to proof of such unlawful intent. For the reasons stated the judgment is reversed.